IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY MARSHALL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-15-3864 |
| DR. MATTHEW ALLAWAY, et al., | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants', Dr. Colin Ottey M.D. and Dr. Mahboob Ashraf, M.D., Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 9) and Plaintiff Gregory Marshall's Motion to Proceed with Reasonable Time for Oral-Discovery Hearing and Motion for Appointment of Counsel (ECF No. 15). The Motions are ripe for disposition. Having reviewed the Motions and supporting documents, the Court finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Defendants' Motion and deny Marshall's Motion.

## I. BACKGROUND

Marshall is an inmate currently incarcerated at the Western Correctional Institution ("WCI"). Defendants are physicians employed by Wexford Health Sources, Inc. ("Wexford"), a prison health care company under contract with the Maryland Department of Public Safety and Correctional Services ("DPSCS"). (ECF No. 9-5). Marshall, who had been diagnosed and treated for prostate cancer in the past, stated that on July 16, 2015, his long-time treating physician opined that he should undergo a prostate biopsy based on a test result showing an elevated level of Prostate Specific Antigen ("PSA") in his blood. Marshall alleges that, rather than refer him to his regular cancer specialist for biopsy, Defendants sent him to Defendant Dr. Matthew Allaway on October 14, 2015. Allaway refused to perform the biopsy. Marshall alleges Allaway refused to perform the biopsy in

retaliation for filing a claim against him with the Health Care Alternative Dispute Resolution Office of Maryland.[1] In the Matter of Gregory Marshall, No. 02-C-14-188758 (Anne Arundel Cir.Ct. July 8, 2014)

On December 16, 2015, Marshall initiated this action, raising a 42 U.S.C. § 1983 (2012) claim for failure to provide medical care, seeking money damages of $20,000.00 and injunctive relief barring Defendants from treating him, and ordering his care be provided by Dr. Ravi Krishnan, his sole cancer treatment physician. (ECF No. 1). On February 11, 2016, this Court directed Defendants to respond to Marshall's allegation that he is being denied a medically necessary biopsy. (ECF No. 3).

On March 23, 2016, Marshall filed an Amended Complaint adding Dr. Sharon Baucom and Dr. James K. Benjamin as Defendants. (ECF No. 7). In his Amended Complaint, Marshall questions the quality of a bone scan performed at Braddock Hospital by Dr. James K. Benjamin, M.D. on July 31, 2015. The bone scan was negative for cancer, but Marshall claims the scan is inaccurate because there is no evidence that the scan was conducted properly. Marshall states that he has an ongoing legal and medical conflict of interest with the Allegany County, Maryland Hospital Medical Staff and has requested that Maucom, Ashraf, and Benjamin refer him to Krishnan at Bon Secours Hospital in Baltimore, for another bone scan. Marshall alleges Ottey and Ashraf have refused to reschedule the procedure.

On March 30, 2016, Defendants filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. (ECF No. 9). Defendants argue Marshall is entitled to neither money damages

---

[1] Allaway is not employed by Wexford and has not been served with summons in this case. Defendants note that Allaway's practice, Urology Associates, performed the first prostate biopsy that led to the diagnoses of Marshall's prostate cancer. (ECF No. 9-5). Allaway is not a "state actor" amenable to suit under § 1983. See Owens v. Baltimore City State's Attorney Office, 767 F.3d 379 (4th Cir. 2014). Had he been served, Allaway would be entitled to dismissal.

nor injunctive relief, and they are entitled to summary judgment because Marshall has received constitutionally adequate medical care, including all necessary biopsies.

On June 3, 2016, Marshall filed a Motion requesting a continuance and appointment of counsel to assist with discovery and selection of his own medical experts to refute Defendants' evidence. (ECF No. 15).

## II. DISCUSSION

### A. Standard of Review

#### 1. Motion to Dismiss

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)) (internal quotation marks omitted), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

Pro se pleadings, however, are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

**2. Motion for Summary Judgment**

"When matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(b)) (internal quotation marks omitted).  Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).  Generally speaking, however, "[s]ufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party." Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 246-47 (4th Cir. 2002) (quoting 10B Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2741, at 419 (3d ed.1998)).  A motion for summary judgment before completion of discovery can be particularly inappropriate when a case involves complex factual questions about intent and motive.

Marshall declares that the parties have not yet engaged in discovery and he is, therefore, unable to present facts essential to support his opposition to the Motion. (ECF No. 15).  Pursuant to Rule 56(d), if a nonmovant shows by affidavit that he cannot present facts needed to justify its opposition, the court may defer consideration of the motion or deny it, or allow time for the nonmovant to take discovery. Fed. R. Civ.P. 56(d).  Nevertheless, the court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 526 (4th Cir. 2003) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993)) (internal quotation marks omitted).

Because the Court has not issued a scheduling order in this matter and the parties have not engaged in adequate discovery, the Court will not construe the Motion as one for summary judgment.

The Court will, therefore, examine the sufficiency of the Amended Complaint under the Rule 12(b)(6) standard.

**B. Analysis**

The Eighth Amendment also prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976) (citing Furman v. Georgia, 408 U.S. 238, 392–93 (1972)). To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. Estelle, 429 U.S. at 106. Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention, but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)).

A prisoner's disagreement with a prescribed course of treatment does not establish deliberate indifference and, therefore, does not state a claim. See Peterson v. Davis, 551 F.Supp. 137, 146 (D.Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Likewise, claims of medical negligence or disputed questions of medical judgment are not cognizable because they do not involve deliberate indifference. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (stating questions of medical judgment are not subject to judicial review). Indeed, the "mere failure to treat all medical problems to a prisoner's satisfaction . . . is insufficient to support a claim under § 1983." Peterson, 551 F.Supp. at 146; accord Fore v. Goodwin, 407 F.Supp. 1145, 1146 (citing Cole v. Williams, 526 F.2d

588 (4th Cir. 1975)) ("A prisoner cannot be ultimate judge of what medical treatment is necessary or proper . . . .").

Here, Marshall alleges that he has received follow-up medical care, including: ongoing PSA testing that does not confirm a return of his prostate cancer; a bone scan that detected no metastatic disease; and biopsy of lymph nodes under his arms, which reveal no disease. Marshall's disagreement with the care offered does not establish deliberate indifference and, therefore, does not state a claim. The Court will, therefore, grant Defendants' Motion and deny his Motion for discovery and appointment of counsel.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 9) is GRANTED. Marshall's Motion for discovery and appointment of counsel (ECF No. 15) is DENIED. A separate Order follows.

Entered this 3rd day of August, 2016.                /s/
                                        _____
                                        George L. Russell, III
                                        United States District Judge